### JOSEPH BUDD vs. THE NEW JERSEY RAIL ROAD AND TRANSPORTATION COMPANY.

By the sixth section of the charter of the New Jersey Rail Road and Transportation Company, the owner of any land taken by the company, who may feel himself

aggrieved by the decision of the commissioners appointed to assess the damages in his case, may appeal to the next Court of Common Pleas of the county in which the land is situated; and the said court in a summary way, either with or without a jury, is to review and settle the amount of damages. This court directed a mandamus to be issued, where the Common Pleas ordered all proceedings, on the appeal, to be stayed, until a certiorari between the parties should be decided in this court.

This was an application for a mandamus. The facts in this case appear in the opinion of the court, delivered by the chief justice.

*Dodd* and *Frelinghuysen*, in support of motion.

*Jackson* and *I. H. Williamson*, contra.

HORNBLOWER, C. J.    By the sixth section of the charter of the New Jersey Rail Road and Transportation Company, it is provided, that if the owner of any land taken by the company, shall feel himself aggrieved by the decision of the commissioners appointed to assess the damages in his case, he *may appeal* to the *next* Court of Common Pleas, of the county in which the land is situated. Upon such appeal, that court, with or without the intervention of a jury, as the parties shall elect, is to review and settle the amount of damages, in a summary way. Joseph Budd, feeling aggrieved by the decision of the commissioners in his case, did make his appeal in due season, to the Court of Common Pleas of Bergen county. At the request of one of the parties, a trial by jury was ordered by the court. The cause was noticed for trial at the June term, and the appellant attended with his counsel and witnesses ready for trial : but instead of proceeding to try the appeal, the court, on motion in behalf of defendants, ordered that all proceedings on the appeal should be stayed, until a certiorari between the parties, which had been directed to the clerk of Bergen county, should be decided in this court ; thus indefinitely postponing the trial, or in other words, refusing to proceed according to law. For doing so, the court assign no reason; but in effect say, they will not proceed in the case, until a certain event happens; which, in fact, may never happen. This amounts to a plain denial of justice.

It is argued, however, by the counsel for the defendants, that

the object of the certiorari is to set aside the location of the rail road, so far as it crosses the land of the appellant. That, if this court, on certiorari, shall set aside the survey and location of the road, the assessment of damages will fall to the ground, and the trial of the appeal may, therefore, turn out to be an unnecessary and useless expense. This may be so ; but suppose on the contrary, this court, at the end of a protracted suit, should dismiss the certiorari, or affirm the survey of the road ; then the landholder will have been subjected to all the hazards of delay, in the assessment of his damages. He will have to prosecute his appeal, it may be, under greater disadvantages than he now is. But again, it is said, that the landholder ought not to be permitted to proceed with both remedies at once ; that if he is not satisfied with the amount of damages awarded to him on the trial of the appeal, he will then proceed on the certiorari, and set the whole aside, after having subjected the defendants to the trouble and expense of such trial. But this is no reason why the court below should refuse to proceed.

The landholder is entitled to an appeal, by force of the statute. He is also entitled to the benefit of a certiorari out of this court. Has the Court of Common Pleas, any right to deny to the landholder, or to limit or restrict him in the use of either of these remedies ? Suppose that Budd had not actually sued out a writ of certiorari ; might he not do so after the appeal had been tried ? It seems to me, therefore, that the same argument which would justify the Common Pleas, in postponing the trial of the appeal, until the certiorari is determined in this court, would equally justify them in imposing terms on the appellant, and refusing to entertain or try the appeal, unless he would stipulate not to bring a certiorari ; in other words, to put him to his election, which remedy he would pursue. This court might, with equal, perhaps with greater propriety, have refused an allocatur, on the ground that the applicant had appealed from the award of the commissioners. If both proceedings were in the same court, there would appear to be a propriety in deciding *first*, that matter, which, if settled one way, would terminate both suits : but these proceedings are in different courts, and for entirely distinct and independent objects ; and one court has no right to deny to a party the

redress to which he is entitled in that court, until another court chooses to proceed in a cause which may happen, incidentally to affect the subject matter in controversy. It is believed that no case can be mentioned, in which this court has ever ordered the proceedings in an action of debt on a bond to be stayed, until a suit pending in Chancery on a mortgage collateral to the bond, has been determined in that court.

Let a mandamus be issued as prayed for.